

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-20-2006

# Miller v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4413

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Miller v. Atty Gen USA" (2006). *2006 Decisions.* Paper 307.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/307

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4413
_____

RICHARD MILLER,
                                        Petitioner,
                    v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
(Agency No. A41-646-517)
Immigration Judge: Honorable Grace A. Sease
_____

Submitted Under Third Circuit LAR 34.1(a)
October 19, 2006

BEFORE:  SLOVITER, SMITH AND VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>

(Filed: October 20, 2006)
_____

OPINION
_____

PER CURIAM

Petitioner Richard Miller, a native and citizen of Jamaica, entered the United

States in February 1988 as a P22 immigrant (unmarried child of an alien resident).  In

June 1993, he was convicted in the Philadelphia Court of Common Pleas of unlawfully

carrying a firearm in violation of 18 Pa. Cons. Stat. Ann. § 6108, and, in September 2000,

he was convicted in the same court of possession of a controlled substance, marijuana, and possession of a controlled substance with intent to deliver, in violation of 35 Pa. Cons. Stat. Ann. §§ 780-113(a)(16) and (30). Miller was sentenced to 2 years probation. Based on these convictions, the former Immigration & Naturalization Service commenced removal proceedings in October 2002, charging Miller pursuant to Immigration & Nationality Act ("INA") §§ 237(a)(2)(A)(iii), (a)(2)(B)(i), and (a)(2)(C), 8 U.S.C. §§ 1227(a)(2)(A)(iii), (B)(i), and (C), as an alien convicted of an aggravated felony, an alien convicted of violating a controlled substances law, and an alien convicted of a firearms offense, respectively.

At a hearing on April 1, 2003, the original Immigration Judge assigned to the case sustained the charges of removal under INA §§ 237(a)(2)(B)(i) and (C). At that time, Miller's attorney, the first of three, indicated her intent to get the aggravated felony conviction under section 780-113(a)(30) expunged, at which time she would apply for cancellation of removal. Miller later retained new counsel, and, at a hearing on November 4, 2003, new counsel indicated that he would challenge whether Miller's drug conviction constituted an aggravated felony. Miller again changed attorneys, and, at a hearing on December 15, 2003 before a new Immigration Judge, he indicated, through counsel, his intent to apply for voluntary departure. The IJ specifically asked counsel what relief, if any, Miller was eligible for, and counsel mentioned only voluntary departure. The IJ continued the hearing one last time to give new counsel a chance to

2

prepare, stating to him. "I expect you to be fully apprised of everything in this case. I want any and all applications for relief ... on that date." A.R. 122.

On January 28, 2004, Miller appeared with counsel, and counsel argued that Miller's drug conviction was not a felony. The IJ disagreed and found that the conviction was an aggravated felony for purposes of immigration law. She sustained the charge of removal under INA §§ 237(a)(2)(A)(iii) and denied the application for voluntary departure because of the aggravated felony. Miller was ordered to be removed to Jamaica.

Miller appealed pro se to the Board of Immigration Appeals. He contended that: (1) his drug conviction under section 780-113(a)(30) is not an aggravated felony and he thus is eligible for cancellation of removal under INA § 240A(a); (2) his counsel abandoned him in that he failed to apply for relief under INA § 212(h) and he inadequately challenged the aggravated felony conviction; and (3) he is not removable under INA §§ 237(a)(2)(C). The Board of Immigration Appeals affirmed without opinion pursuant to 8 C.F.R.1003.1(e)(4) on May 11, 2004.

Prior to passage of the REAL ID Act of 2005, Miller sought habeas corpus relief several times. The habeas petitions were consolidated in United States District Court for the Middle District of Pennsylvania, and transferred to this Court to be treated as a petition for review. We have jurisdiction to consider Miller's claim that his state drug conviction does not contain the necessary trafficking element and thus is not an

3

aggravated felony under immigration law. 8 U.S.C. §§ 1252(a)(2)(D), (a)(2)(C). See also

Kamara v. U.S. Attorney General, 420 F.3d 202, 209-211 (3d Cir. 2005); Bonhometre v.

Gonzales, 414 F.3d 442, 445-46 (3d Cir. 2005), cert. denied, 126 S. Ct. 1362 (U.S. 2006).

We review this question de novo. See Smriko v. Ashcroft, 387 F.3d 279, 282 (3d Cir.

2004).

We will dismiss the petition for review. A "criminal alien" is one who is

removable for having committed certain offenses covered in 8 U.S.C. §

1227(a)(2)(A)(iii), including aggravated felonies. An "aggravated felony" includes

"illicit trafficking in a controlled substance (as defined in section 802 of Title 21),

including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. §

1101(a)(43)(B). A state drug conviction thus constitutes an aggravated felony if it is a

felony under state law and contains a trafficking element. Gerbier v. Holmes, 280 F.3d

297, 312 (3d Cir. 2002). Trafficking involves "the unlawful trading or dealing of any

controlled substance," and excludes simple possession or transfer without consideration.

Steele v. Blackman, 236 F.3d 130, 135 (3d Cir. 2001).

Section 780-113(a)(30) provides in pertinent part that "possession with intent to ...

deliver" a controlled substance is a prohibited act. 35 Pa. Cons. Stat. Ann. §

780-113(a)(30). Section 780-113(f)(2) makes Miller's crime a felony. 35 Pa. Cons. Stat.

Ann. § 780-113(f)(2). In Garcia v. U.S. Attorney General, — F.3d — , 2006 WL

2529471 (3d Cir. September 5, 2006), we held that the criminal complaint may be

4

referred to in determining whether an alien's section 780-113(a)(30) conviction involved trafficking. Id. at *5. The criminal complaint in Miller's case establishes that a confidential informant purchased 4 packets of marijuana and 4 Philly blunts at Miller's store, and that a search of the premises recovered one Sunbeam scale and $1300.00. A.R. 139. In his brief on appeal, Miller asserts that the criminal complaint does not establish that he sold drugs, and, furthermore, the arresting officer admitted in open court that he did not purchase marijuana from Miller. Thus, he argues, we must reach the question whether his conviction constitutes an aggravated felony under the "hypothetical federal felony" route. Gerbier, 280 F.3d at 315.

We conclude that it does. To determine whether a state drug conviction qualifies as a "hypothetical federal felony" under § 924(c)(2), we must look to see whether the state drug conviction is punishable as a felony under the Controlled Substances Act. Id. Whether a substantive drug offense contained in the Controlled Substances Act is a felony is controlled by 18 U.S.C. § 3559, which provides that, if the crime prescribes a maximum sentence of more than one year, it is a felony. The federal possession statute, 21 U.S.C. § 844(a), is not, as Miller has argued, the pertinent federal analog. Here, the pertinent federal analog is 21 U.S.C. § 841(a), which prohibits the knowing or intentional "possess[ion] with intent to ... distribute" a controlled substance, for example, marijuana. Possession with intent to distribute marijuana carries a maximum penalty in excess of one year. 21 U.S.C. § 841(b)(1)(D) (providing for a maximum sentence of 5 years).

5

Having been convicted of an aggravated felony, Miller is not eligible for cancellation of removal, 8 U.S.C. § 1229b(a)(3), or a section 212(h) waiver, 8 U.S.C. § 1182(h). We do not have jurisdiction over Miller's claim regarding a section 212(c) waiver of removal because he failed to exhaust his administrative remedies before the IJ. 8 U.S.C. § 1252(d)(1). Miller has contended in his Reply Brief on appeal that he and his attorney were deliberately misled by both immigration judges with respect to his eligibility for waiver of removal, and thus his right to due process was violated. We take this allegation very seriously, but we have reviewed the transcript and find no basis for it whatever. The record reflects that Miller was generously afforded numerous continuances, and that the information supplied to him by the IJ was neither incorrect nor misleading. Moreover, any claim that counsel was ineffective for failing to apply for waiver of removal would have to be exhausted through a motion to reopen immigration proceedings. See Popal v. Gonzales, 416 F.3d 249, 252 (3d Cir. 2005) (citing Duvall v. Elwood, 336 F.3d 228, 234 (3d Cir.2003)).

We will deny the petition for review.