

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-9-2007

# Campbell v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3079

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Campbell v. Atty Gen USA" (2007). *2007 Decisions*. Paper 238.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/238

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3079
_____

ASTOR ERROL CAMPBELL
a/k/a Errol Campbell
a/k/a Astor Jones,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A35 770 558)
Immigration Judge:  Grace A. Sease
_____

Submitted Under Third Circuit LAR 34.1(a)
October 22, 2007

Before:  FISHER, ALDISERT and GREENBERG, *Circuit Judges*.

(Filed: November 9, 2007)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Astor Campbell petitions for review of the final decision of the Board of Immigration Appeals ("BIA") ordering his removal from the United States. He appeals the BIA's denial of his request for a waiver of inadmissibility and cancellation of removal. For the reasons set forth below, we will deny the petition.

**I.**

As we write only for the parties, we will forgo a lengthy recitation of the factual and legal background to this case. Campbell, a citizen of Jamaica, was admitted to the United States in 1976 as a lawful permanent resident. Over the years, he was convicted of a number of crimes, including (1) a 1988 New Jersey conviction for unlawful possession of marijuana with intent to deliver; (2) a 1989 New Jersey conviction for possession of marijuana; (3) a 1994 Pennsylvania conviction of two counts of manufacturing, delivering or possessing with intent to manufacture or deliver a controlled substance, and one count of conspiracy; and (4) a 2000 federal conviction for giving a false statement in the application for or use of a passport. In 2005, Campbell was charged with being removable pursuant to the Immigration and Nationality Act ("INA") on three grounds: INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii) (conviction of an aggravated felony); INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i) (controlled substances violation other than for possession of 30 grams or less of marijuana); and INA § 237(a)(3)(B)(iii), 8 U.S.C. § 1227(a)(3)(B)(iii) (fraud relating to visas and entry documents).

2

After a number of proceedings resulting in continuances, the immigration judge ("IJ") found that Campbell had admitted to all the amended factual allegations in the Notice to Appear except those regarding his 1994 conviction. While Campbell argued that the conviction was the result of mistaken identity, the IJ correctly refused to allow a collateral attack on the conviction and found that the fact of his conviction was shown by clear and convincing evidence. Campbell also argued that his 1988 conviction was not an "aggravated felony" under the law of this Circuit, but conceded that even if this was so, it "[left] the problem of the [19]94 conviction." In his opinion, the IJ found that Campbell had two aggravated felony convictions prior to 1996, and one conviction in 2000, and that there was "no combination of relief which would afford any relief from removal."

Campbell filed a notice of appeal with the BIA, arguing that his 1994 conviction was not an aggravated felony, despite his apparent acquiescence to that fact before the IJ. The BIA found that even if Campbell's unpreserved claim was true, he still had one pre-1996 aggravated felony conviction in addition to his 2000 conviction for false statement in the application and use of a passport, and was therefore statutorily ineligible for both an INA § 212(c) waiver and cancellation of removal under INA § 240A.

On appeal, Campbell argues that the BIA violated his due process rights by inadequately adjudicating his claim that the 1994 conviction was not an aggravated felony. He argues that the BIA did not squarely address this claim, and instead opined that "[e]ven if we accepted everything the respondent asserts on appeal as true, it would not change the outcome of the instant case." He argues that the BIA thus dodged the issue

3

and incorrectly based its decision on its assumption that the IJ found the 1988 conviction to be an aggravated felony. He now argues that neither of his pre-1996 convictions constitute aggravated felonies, and that the BIA and IJ thus incorrectly concluded that there would be no combination of relief available to him under INA §§ 212(c) and 240A.

## II.

We have jurisdiction to review a final order of removal pursuant to INA § 242(a)(1), 8 U.S.C. § 1252(a)(1). Campbell has been adjudicated a criminal alien, and thus our review of his claims is limited to constitutional issues and questions of law, which will be reviewed *de novo*. INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D); *Smirko v. Ashcroft*, 387 F.3d 279, 282 (3d Cir. 2004). In cases, such as the one before us, where the BIA adopts the findings of the IJ and discusses various aspects of the IJ's decision, we review both the decisions of the IJ and the BIA. *He Chun Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004).

## III.

Campbell argues that the BIA's decision-making process violated his right to "due process of law." The core of Campbell's due process claim is that the BIA did not address and dispose of his argument that his 1994 conviction was not an aggravated felony. Contrary to Campbell's claims, we have held that "[t]o prevail on a procedural due process challenge to a decision by the BIA, an alien must make an initial showing of substantial prejudice." *Bonhometre v. Gonzales*, 414 F.3d 442, 448 (3d Cir. 2005). In essence, Campbell argues that he was prejudiced because if the BIA had squarely

4

considered his claim that his 1994 conviction was not an aggravated felony, he would be entitled to relief. Because his 1994 conviction does constitute an aggravated felony, his argument is unavailing.

The underlying infraction in Campbell's 1994 guilty plea conviction was for violation of the Pennsylvania Controlled Substance, Drug, Device and Cosmetic Act (the "Pennsylvania Act"), specifically, 35 Pa. Stat. Ann. § 780-113(a)(16) and 780-113(a)(30). We previously examined this law in *Garcia v. Att'y Gen.*, 462 F.3d 287 (3d Cir. 2006). In that case, the record indicated that Garcia had entered a guilty plea under Section 780-113(a)(30). On appeal, citing our decision in *Gerbier v. Holmes*, 280 F.3d 297 (3d Cir. 2002), Garcia argued that not all convictions under § 780-113(a)(30) could necessarily be categorized as aggravated felonies, and that his actions did not constitute an aggravated felony and that he had therefore been deprived of due process of law. *Garcia*, 462 F.3d at 291. We determined that Garcia's violation of Section 780-113(a)(30) was an aggravated felony, because the criminal complaint in that case "clearly establishe[d] that Garcia did in fact sell drugs to an undercover officer" and therefore satisfied the illicit trafficking component of *Gerbier*. *Garcia*, 462 F.3d at 293. The facts in the instant case are very similar. Campbell pleaded guilty to the same section of the Pennsylvania Act and his criminal complaint indicates that he too sold marijuana to an undercover officer. Therefore, as a matter of law, Campbell's 1994 conviction constitutes an aggravated felony and he is subject to removal pursuant to INA § 237(a)(2)(A)(iii). Campbell's due process claim thus fails as a threshold matter, since

5

no prejudice resulted from the BIA's alleged failure to squarely confront this issue in its ruling.

Even if he were to obtain a waiver under the previous INA § 212(c) for his 1994 conviction, such a waiver would preclude him from seeking cancellation of removal under INA § 240A(c)(6).  Further, Campbell's aggravated felon status precludes him from seeking relief under INA § 240A(a)(3).  Since this precludes any discretionary relief with regards to his 2000 conviction, the BIA and IJ correctly found that there is no combination of relief available to Campbell.

## IV.

We have considered all of Campbell's claims, and they are without merit.  For the foregoing reasons, we will deny his petition for review.