**Damion Anthony Derrick WILKS a/k/a Damion Rivers, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

Nos. 06–4653, 07–2131.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) April 2, 2008.

Filed April 15, 2008.

Laurence L. Smith, Simon & Smith, Media, PA, for Petitioner.

David V. Bernal, Richard M. Evans, Kevin J. Conway, Lindsay E. Williams, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SCIRICA, Chief Judge, CHAGARES and ALDISERT, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Damion Anthony Derrick Wilks petitions for review of two orders of the Board of Immigration Appeals ("BIA"). For the reasons below, we will deny the petition for review in No. 06–4653, grant the petition for review in No. 07–2131, and remand the matter to the BIA.

Wilks, a citizen of Jamaica, entered the United States as a visitor in 1993 and adjusted his status to that of a lawful permanent resident in 1997. In March 2005, he pleaded guilty to carrying a firearm without a license. In August 2005, Wilks pleaded guilty to aggravated assault and was sentenced to, *inter alia,* six to twelve months of house arrest. On May 3, 2006, he was charged as removable as an aggravated felon and for the firearm offense.

Wilks argued that his aggravated assault conviction was not an aggravated felony because it was not a crime of violence and he was not imprisoned for at least a year on the charge. The Immigration Judge ("IJ") disagreed and sustained the ground for removal.[1] The IJ concluded that Wilks was ineligible for any discretionary relief based on the aggravated felony and ordered Wilks removed to Jamaica. Wilks appealed. The BIA agreed with the IJ that the conviction was an aggravated felony and dismissed the appeal. Wilks filed a timely petition for review which was docketed at No. 06–4653.

Wilks then filed a petition pursuant to Pennsylvania's Post–Conviction Relief Act ("PCRA") challenging the aggravated assault conviction.[2] While it was pending, he

---

1. It is not clear whether Wilks challenged or the IJ made any findings regarding the firearm conviction.

2. In his amended PCRA petition, Wilks requested that his conviction and sentence be vacated, his guilty plea withdrawn, and he be given a new trial. He alleged that his counsel had not informed him of the immigration consequences of his guilty plea. According to the state court's electronic docket, a notice of intent to dismiss under Rule 907 of the Pennsylvania Rules of Criminal Procedure was

filed a motion to reopen which the BIA denied. After the state court granted the petition and modified his sentence to be no more than 364 days, Wilks filed another motion to reopen with the BIA. He argued that the sentence for the aggravated assault charge was now below the one-year time period needed for the conviction to constitute an aggravated felony. The BIA denied the motion as untimely and number-barred. The BIA also refused to reopen the proceedings *sua sponte*. Wilks filed a timely petition for review, which was docketed at No. 07–2131 and consolidated with the petition at No. 06–4653.

*Whether Wilks's conviction constitutes an aggravated felony*

■ We first review the BIA's determination that the aggravated assault conviction is an aggravated felony. We have jurisdiction to consider this question of law and exercise plenary review over the BIA's conclusion. *Garcia v. Attorney General,* 462 F.3d 287, 291 (3d Cir.2006). The term aggravated felony includes a crime of violence, as defined in 18 U.S.C. § 16, for which the term of imprisonment is at least one year. 8 U.S.C. § 1101(a)(43)(F). A crime of violence is defined under § 16 as

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may

be used in the course of committing the offense.

To determine whether a conviction is a crime of violence, we use a categorical approach and examine the elements of the offense rather than the specific facts of the crime. *Leocal v. Ashcroft,* 543 U.S. 1, 7, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004). We have held that a *mens rea* of recklessness is not sufficient to satisfy § 16. *Popal v. Gonzales,* 416 F.3d 249, 254 (3d Cir.2005); *Tran v. Gonzales,* 414 F.3d 464 (3d Cir. 2005).

Wilks argues that some subsections of Pennsylvania's aggravated assault statute, 18 Pa.C.S. § 2702, only require the *mens rea* of recklessness. The BIA observed that Wilks was charged with violating one of the first four subsections and that he pleaded guilty to a felony in the second degree.[3] Because the first two subsections of § 2702 are graded first-degree felonies, the BIA determined that Wilks's conviction fell within either the third or fourth subsections of § 2702. Because both subsections require attempting to or intentionally or knowingly causing bodily injury, the BIA concluded that Wilks's conviction was a crime of violence under 18 U.S.C. § 16.

While Wilks does not specifically challenge any of the BIA's findings regarding his conviction, he argues that its examination of the records of his conviction went beyond that which we allowed in *Popal.* However, where a statute is phrased disjunctively, we are not barred from looking at the record of conviction to determine

---

sent on December 19, 2006. There is no indication on the docket that either the Commonwealth or Wilks's trial attorney was asked to respond to the allegations of counsel's ineffectiveness. On February 2, 2007, the PCRA court entered a brief order granting the petition and modifying the sentence to be no more than 364 days. It is not clear whether

Wilks was still serving the house arrest portion of the sentence at the time it was reduced.

3. While Wilks's charge was originally designated "F1," indicating a felony in the first-degree, it was changed to "F2," a felony in the second degree.

which subsection was violated. *Garcia,* 462 F.3d at 292. Here, in any event, the BIA did not look at the specific facts of Wilks's crime,[4] it looked at the judgment and sentencing order to determine the specific subsection of § 2702 under which the conviction fell. We agree with the BIA that the aggravated assault conviction was a crime of violence, as the provisions of § 2702 under which Wilks must have been convicted require a *mens rea* greater than recklessness. Thus, on the record before it, the BIA correctly determined that Wilks's conviction constituted an aggravated felony, and we will deny the petition for review in No. 06–4653.

*Whether we have jurisdiction over the BIA's denial of Wilks's second motion to reopen*

■ We now turn to the petition for review of the BIA's order denying Wilks's second motion to reopen. Pursuant to 8 C.F.R. § 1003.2(a), the BIA may *sua sponte* reopen a case at any time. A petitioner must show an exceptional situation to make a *prima facie* case for *sua sponte* reopening. *Cruz v. Attorney General of U.S.,* 452 F.3d 240, 249 (3d Cir.2006). However, the BIA has the discretion to deny a motion to reopen even if a *prima facie* case is made. *Id.* Wilks argues that the BIA should have used its authority to *sua sponte* reopen the proceedings after his sentence was modified.[5] He contends that his aggravated assault conviction can not be an aggravated felony because the sentence was reduced to less than a year of imprisonment. The government argues that because the BIA's discretion to *sua sponte* reopen proceedings is unfettered, we lack jurisdiction to review the decision. *Calle–Vujiles v. Ashcroft,* 320 F.3d 472, 475 (3d Cir.2003).

In *Cruz,* the petitioner filed a motion to reopen after his qualifying conviction had been vacated. The BIA denied the motion to reopen as untimely and found that *sua sponte* reopening was not warranted for any reason. We noted that the BIA had not done an analysis pursuant to *In re Pickering,* 23 I. & N. Dec. 621, 624 (BIA 2003), to determine whether Cruz was still "convicted" for immigration purposes.[6] We observed that the BIA often overlooked the timeliness of a motion to reopen when a conviction had been vacated and was argued to be invalid under *Pickering.* *Cruz,* 452 F.3d at 246. Because it was unclear whether the BIA's decision not to

---

4. While the details are not relevant to our analysis, we note that the record does not contain many details of Wilks's crime. On the back of the judgment and sentencing order, a victim is listed as "Sgt. Frysinger." C.A.R. at 299. Thus, it appears that Wilks's aggravated assault conviction involved § 2702(a)(3) which includes attempting to cause or intentionally or knowingly causing bodily injury to an officer in the performance of duty. Moreover, in her affidavit in support of Wilks's PCRA petition, his fiancee noted that "I was very aware of Damion's position that he did not commit any crime against the officer." C.A.R. at 49.

5. Wilks does not argue the applicability of any of the regulatory exceptions to the time and numerical limitations on motions to reopen. *See* 8 C.F.R. § 1003.2(c)(3).

6. In *Pickering,* the BIA set forth guidelines for determining whether an alien was still convicted for immigration purposes after a court had vacated the alien's conviction.

> Thus, if a court with jurisdiction vacates a conviction based on a defect in the underlying criminal proceedings, the respondent no longer has a "conviction" within the meaning of section 101(a)(48)(A). If, however, a court vacates a conviction for reasons unrelated to the merits of the underlying criminal proceedings, the respondent remains "convicted" for immigration purposes.

*Pickering,* 23 I. & N. Dec. at 624. In *Pinho v. Gonzales,* 432 F.3d 193 (3d Cir.2005), we determined that this distinction was reasonable.

*sua sponte* reopen the proceedings involved its unfettered discretion, we remanded the matter to the BIA for explanation. We stated that

> [W]e cannot tell from its opinion whether the BIA concluded that Cruz made out a prima facie case for *sua sponte* relief based on his vacated conviction, but nevertheless exercised its unreviewable discretion under 8 C.F.R. § 1003.2(a) to decline to reopen, or whether it believed that Cruz had not shown an "exceptional situation," and was therefore ineligible because he failed to establish a prima facie case for *sua sponte* relief. In the latter instance, we would have jurisdiction to review the BIA's decision.

*Cruz,* 452 F.3d at 249.

Here, the BIA noted that Wilks requested *sua sponte* reopening. It stated that *sua sponte* reopening was allowed in exceptional situations not present in Wilks's case. Thus, we have jurisdiction to review the BIA's decision because the BIA did not exercise its unfettered discretion in refusing to *sua sponte* reopen but rather concluded that Wilks had not shown a *prima facie* case of an exceptional situation. *See id.*

The government argues that the BIA recognized that Wilks was *prima facie* eligible for relief but denied the motion in its discretion. While the BIA cited its own precedent that a sentence modification should be recognized as valid, it explicitly stated that an exceptional situation was not present in Wilks's case. The government also attempts to distinguish *Cruz* and *Pickering* by arguing that those cases involved a vacated conviction as opposed to the vacated sentence here. However, while that distinction may impact whether Wilks is still an aggravated felon, it is not relevant to the issue of whether the BIA refused to *sua sponte* reopen based on its unfettered discretion.

If Wilks is still an aggravated felon, our jurisdiction to review the BIA's denial of his motion to reopen would be limited to constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(C). However, we do not have the benefit of the BIA's analysis on this issue. While the BIA noted that the sentence had been reduced, it did not determine whether Wilks is still convicted of an aggravated felony. In *Cruz,* we concluded that the BIA should not have ignored this question. *Cruz,* 452 F.3d at 242. We noted that the BIA has routinely considered a vacated conviction to be an exceptional situation supporting *sua sponte* reopening. *Id.* at 242. It is for the BIA to determine in the first instance whether the modification of Wilks's sentence impacts his status as an aggravated felon.

For the above reasons, we will grant the petition in No. 07–2131 and remand the matter for the BIA to determine in the first instance whether Wilks's aggravated assault conviction still constitutes an aggravated felony.