**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3785
_____

RICARDO ANDRE MCINTYRE,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A44 135 619)
Immigration Judge:  Honorable Walter A. Durling
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 21, 2012

Before:  CHAGARES, VANASKIE and STAPLETON, Circuit Judges

(Opinion filed: February 24, 2012)
_____

OPINION
_____

PER CURIAM

Ricardo Andre McIntyre, a native and citizen of Jamaica, entered the United States in 1993 at age eleven as a lawful permanent resident. In 2009, he pleaded guilty in Pennsylvania to aggravated assault with a deadly weapon. 18 Pa. Cons. Stat. Ann. § 2702(a)(4). McIntyre was sentenced to nine to 23 months in prison.

Proceeding pro se before an Immigration Judge ("IJ"), McIntyre conceded removability as charged for having been convicted of an aggravated felony as defined in Immigration and Nationality Act ("INA") § 101(a)(43)(F) [8 U.S.C. § 1101(a)(43)(F)] (crime of violence), see INA § 237(a)(2)(A)(iii) [8 U.S.C. § 1227(a)(2)(A)(iii)]. McIntyre did not apply for relief from removal. Instead, he argued that the IJ should continue the proceeding while he pursued a Post Conviction Relief Act ("PCRA") challenge to the 2009 conviction under Padilla v. Kentucky, 130 S. Ct. 1473 (2010) (holding that right to effective assistance of counsel requires that defendant be advised of immigration consequences of plea). The IJ implicitly refused to continue the case for a fourth time and ordered removal to Jamaica.

The Board of Immigration Appeals ("BIA") dismissed McIntyre's appeal. It agreed with the denial of a further continuance, noting that the pursuit of PCRA relief does not affect the finality of a conviction for immigration purposes. The BIA observed that no court had called the 2009 conviction into question, and that McIntyre's offense qualified as an aggravated felony. It also rejected the suggestion that McIntyre's removal proceeding was "unfair" or violated due process, and it added that it had no power to

2

grant equitable or general humanitarian relief from removal. McIntyre timely filed a pro se petition for review.

Because McIntyre is removable as an aggravated felon, our jurisdiction is limited to review of constitutional claims or questions of law. See INA § 242(a)(2)(D) [8 U.S.C. § 1252(a)(2)(D)]. The Government moves to dismiss for lack of jurisdiction on the ground that McIntyre does not raise a colorable constitutional claim or legal question. It argues that McIntyre's "vague assertion" that his due process rights were violated is not a colorable claim, and that the "denial of a continuance is a discretionary determination which cannot constitute a due process violation." Although those arguments are not without some force, we will deny the motion to dismiss. In his Informal Brief, McIntyre challenges the determination that his conviction is an aggravated felony--an issue that the BIA addressed and which presents a question of law subject to review under INA § 242(a)(2)(D). See Jeune v. Att'y Gen., 476 F.3d 199, 201 (3d Cir. 2007). Nevertheless, while McIntyre's challenge to the aggravated felony determination is subject to review, the issue lacks merit, for the reasons discussed below.

The term "aggravated felony" is defined by INA § 101(a), and includes "a crime of violence (as defined in section 16 of Title 18 . . .) for which the term of imprisonment [is] at least one year." INA § 101(a)(43)(F). Pursuant to 18 U.S.C. § 16, a "crime of violence" means

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

3

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

To determine whether a given offense fits this definition, this Court must "look to the elements and the nature of the offense of conviction, rather than to the particular facts relating to petitioner's crime." Leocal v. Ashcroft, 543 U.S. 1, 7 (2004). "It is now settled law in this Circuit that an offender has committed a 'crime of violence' under 18 U.S.C. § 16(a) only if he acted with an intent to use force." Popal v. Gonzales, 416 F.3d 249, 254 (3d Cir. 2005).

McIntyre was convicted under 18 Pa. Cons. Stat. Ann. § 2702(a)(4), which provides that a person commits an aggravated assault if he "attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon . . . ." Because § 2702(a)(4) requires attempting to or intentionally or knowingly causing bodily injury, the BIA properly concluded that McIntyre's conviction was a crime of violence under 18 U.S.C. § 16. Wilks v. Att'y Gen., 273 F. App'x 196, 198-99 (3d Cir. 2008) (not precedential) (holding that conviction under § 2702(a)(3) or (4) is an aggravated felony under § 101(a)(43)(F)). Moreover, McIntyre's sentence of nine to 23 months qualifies as a "term of imprisonment [of] at least one year." INA § 101(a)(43)(F). Indeed, we have held that indeterminate sentences are functionally equivalent to sentences at the maximum of the range. Bovkun v. Ashcroft, 283 F.3d 166, 170-71 (3d Cir. 2002). Thus,

4

we conclude that McIntyre was properly found removable for having been convicted of an aggravated felony as defined in INA § 101(a)(43)(F).

In his Informal Brief, McIntyre relies on Pierre v. Holder, where we held that a prejudicial due process violation occurs when an alien is found removable based on a charge not included in the Notice to Appear. 588 F.3d 767, 776-77. Here, however, the Notice to Appear charged McIntyre as removable under § 237(a)(2)(A)(iii), specifically on the ground that his conviction qualified as an aggravated felony as defined by § 101(a)(43)(F). Both the IJ and the BIA concluded that McIntyre was removable as charged under that provision. Thus, because McIntyre was not deprived of the right to notice of the charges and an opportunity to be heard, no due process violation occurred. Pierre, 588 F.3d at 776-77.[1]

For the foregoing reasons, we will deny the petition for review.

---

[1] McIntyre also suggests that he was prejudiced because he was not granted a further continuance to obtain an attorney and to pursue PCRA relief. We have no jurisdiction to review this challenge because there is no indication that either the IJ or BIA considered this issue.