

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-14-2006

# Brooks v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5194

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Brooks v. Atty Gen USA" (2006). *2006 Decisions*. Paper 95.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/95

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-5194

PATRICE ADOLSON BROOKS,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

On Petition for Review of an Order of
The Board of Immigration Appeals
Immigration Judge:  Honorable Eugene Pugliese
(No. A42-254-962)

Submitted Under Third Circuit LAR 34.1(a)
November 27, 2006

Before: RENDELL and AMBRO, Circuit Judges
and PRATTER,[*] District Judge

(Opinion filed December 14, 2006)

_____

  [*]Honorable Gene E.K. Pratter, United States District Judge for the Eastern District of
Pennsylvania, sitting by designation.

OPINION

AMBRO, Circuit Judge

Patrice Adolson Brooks, a Jamaican national, petitions us for review of the claim that his conviction for criminal possession of stolen property under New York law does not make him an aggravated felon for which he is removable under federal law. If he is correct, he is eligible to apply for cancellation of removal; if wrong, he is not. At issue is whether Brooks's crime can be classified as a federal "aggravated felony" offense notwithstanding its classification under New York law as a "misdemeanor." We conclude, as did the Board of Immigration Appeals and the Immigration Judge, that here it can. We thus deny Brooks' petition for review.

## I.     Facts and Procedural History

Because we write solely for the parties, we note only those facts relevant to our decision. Brooks was admitted to the United States in 1989 as a lawful permanent resident. Nearly fifteen years later, he pled guilty to possession of stolen property in the fifth degree in violation of N.Y. Penal Law § 165.40[1]—a class A misdemeanor, which

---

[1]N.Y. Penal Law § 165.40 states:

> A person is guilty of criminal possession of stolen property in the fifth degree when he knowingly possesses stolen property, with intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof. Criminal possession of stolen property in the fifth

carries a penalty of up to one year's imprisonment.  Accordingly, the Judge sentenced him to a one-year term of imprisonment.[2]

On the basis of that conviction, Brooks was charged with removability under the Immigration and Nationality Act ("INA") § 237(a)(2)(A)(iii) [8 U.S.C. § 1227(a)(2)(A)(iii)][3] in violation of INA § 101(a)(43)(G) [8 U.S.C. § 1101(a)(43)(G)] (defining "aggravated felony").[4]  The Immigration Judge found Brooks removable as

---

degree is a class A misdemeanor.

[2] Brooks denies that he was convicted of possession of stolen property and sentenced to prison for a year term.  However, the Immigration Judge here determined that Brooks was in fact convicted and sentenced for that offense on the basis of the indictment, criminal complaint, and possession of stolen property certificate of disposition by New York authorities.

[3] This section reads as follows:
(a) Classes of deportable aliens
> Any alien . . . in and admitted to the United States shall, upon the order of the Attorney General, be removed if the alien is within one or more of the following classes of deportable aliens: . . .
> . . .
> Any alien who is convicted of an aggravated felony at any time after admission is deportable.

[4] Brooks also was charged with removability for having been convicted of two crimes (larceny under the New York Penal Law) involving moral turpitude under INA § 237(a)(2)(A)(ii).  8 U.S.C. § 1227(a)(2)(A)(ii) ("Any alien who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial, is deportable.").  The IJ mentioned "moral turpitude" as a second basis for removability, but rested his determination on the basis of the aggravated felony conviction.

3

charged and, pursuant to INA § 240A(a)(3) [8 U.S.C. § 1229b(a)(3)],[5] ineligible for cancellation of removal. The BIA subsequently affirmed the IJ's decision.

Brooks submitted to us a motion for a stay of removal along with a timely petition for review. We denied the motion to stay and now review his case on the merits.[6]

## II. Discussion

Under the INA, the definition of "aggravated felony" includes "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(G). To determine whether Brooks has been convicted of an aggravated felony, we "presumptively appl[y]" the "formal categorical approach" outlined in *Taylor v. United States*, 495 U.S. 575 (1990). *See Singh v. Ashcroft*, 383 F.3d 144, 148 (3d Cir. 2004). "Under that approach, [we] 'must look only to the statutory definitions of the prior offenses,' and may not consider

---

[5] This section, entitled "Cancellation of removal for certain permanent residents," states in pertinent part:

> The Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien—. . . has not been convicted of any aggravated felony.

[6] The BIA had jurisdiction to review the appeal from the IJ's decision under 8 C.F.R. § 3.2 (now codified at 8 C.F.R. § 1003.1(3) (effective April 1, 2005)). Under the REAL ID Act, Pub. L. No. 109-13, div. B, 119 Sta. 231 (2005), we have jurisdiction to review the Board's final orders of removal under 8 U.S.C. § 1252(a)(1), and may review *de novo* constitutional and legal questions pursuant to 8 U.S.C. § 1252(a)(2)(D). *See Sukwanputra v. Gonzales*, 434 F.3d 627, 631 (3d Cir. 2006). Factual determinations, such as whether Brooks was convicted in New York for possession of stolen property and the length of his sentence, are outside our jurisdiction to review. *See id.* at 634.

4

'other evidence concerning the defendant's prior crimes.'" *Id.* at 147–48 (quoting *Taylor*, 495 U.S. at 600). In exceptional circumstances, where the statute of conviction is phrased in the disjunctive or otherwise "invite[s] inquiry into the underlying facts of the case," we may look beyond the face of the statute to the charging instrument and underlying facts. *Id.* at 148, 159–60 (citing *Valansi v. Ashcroft*, 278 F.3d 203, 210 (3d Cir. 2002)); *see also Joseph v. Att'y Gen.*, 465 F.3d 123, 127 (3d Cir. 2006) (citing *Singh*, 383 F.3d at 148).

Neither of the *Singh* exceptions to the formal categorical approach applies to the New York statute. While it contains disjunctive phrases, they relate to the intended beneficiaries and victims of the crime, nothing more. *Compare* N.Y. Penal Law § 165.40 ("A person is guilty of criminal possession of stolen property in the fifth degree when he knowingly possesses stolen property, with intent to benefit . . . .") *with* N.Y. Penal Law § 165.40 ("intent to benefit himself *or* a person other than an owner thereof *or* to impede the recovery by an owner thereof") (emphases added); *see also Garcia v. Att'y Gen.*, 462 F.3d 287, 293 n.9 (3d Cir. 2006) ("[T]he key is whether the provision is disjunctive in a *relevant* sense.") (citing *Singh*, 383 F.3d at 163) (emphasis added). Furthermore, "knowing possess[ion] [of] stolen property," N.Y. Penal Law § 165.40, is a "'relatively unitary categorical concept[]' like 'forgery,' 'burglary,' 'crime of violence,' and 'illicit trafficking in a controlled substance[,]'" which we have found does "not invite an inquiry into the facts underlying the conviction." *Joseph*, 465 F.3d at 127 (citations omitted).

In this context, *Taylor*'s formal categorical approach no doubt applies. Looking to

5

the statutory definitions of the possession of stolen property charge, we note that the New York statutory provisions for a one-year conviction conforms to the definition for "aggravated felony" under INA § 101(a). *See* N.Y. Penal Law § 70.15(1) (providing for penalties of up to one year's imprisonment for misdemeanors); 8 U.S.C. § 1101(a)(43)(G) (specifying that "aggravated felony" encompasses "a theft offense (including receipt of stolen property) . . . for which the term of imprisonment [is] at least one year").

Nonetheless, Brooks argues that his crime was not an aggravated felony for two reasons. First, he asserts his conviction was not a "felony" conviction because New York law classifies his crime as a "misdemeanor." Second, he contends that the "term of imprisonment" for his conviction was not "at least one year" (as the INA requires) because New York misdemeanors authorize prison terms that "shall not exceed one year." These arguments fail under our case law. The fact that the New York statute calls the crime a "misdemeanor" does not disturb its categorization as an "aggravated felony" under *Taylor*. Moreover, we have held that the INA phrase "term of imprisonment" relates to the actual sentence imposed, not the minimum sentence authorized by state statute. *United States v. Graham*, 169 F.3d 787, 790–91 (3d Cir. 1999). Brooks was actually sentenced to a one-year term of imprisonment. Therefore, his New York misdemeanor constitutes a federal aggravated felony in this case.

In sum, we conclude that the BIA and IJ committed no legal error in determining that Brooks's conviction for criminal possession of stolen property was an aggravated

6

felony offense within the meaning of INA § 101(a)(43)(G), thus making him ineligible for cancellation of removal under INA § 240A(a)(3).  We therefore deny the petition for review.