

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-30-2008

# Apanpa v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3009

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Apanpa v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1302.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1302

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**IMG-055** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3009
_____

SAHEED ADEWALE APANPA,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Review of a Decision of the
Board of Immigration Appeals
(Agency No. A45-454-470)
Immigration Judge:  Walter Durling

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
APRIL 23, 2008

Before:  SCIRICA, Chief Judge, FUENTES AND GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 30, 2008)
_____

OPINION
_____

PER CURIAM

Saheed Apanpa, a native and citizen of Nigeria born in 1982, entered the United

States in 1993.  He was admitted as a lawful permanent resident.  In 2005, Apanpa was

convicted of criminal possession of a forged instrument in the second degree under § 170.25 of the New York Penal Code. The Government subsequently charged him as removable for having committed an aggravated felony under § 101(a)(43)(R) of the Immigration and Nationality Act ("INA").

Apanpa argued in administrative proceedings that he was a citizen who had not committed an aggravated felony. The IJ, however, concluded to the contrary and ordered him removed. The Board of Immigration Appeals ("BIA"), citing Drakes v. Zimski, 240 F.3d 246 (3d Cir. 2001), affirmed. Apanpa filed a petition for review, which the Government asks us to dismiss for lack of jurisdiction.

We have jurisdiction over Apapna's petition for review under 8 U.S.C. § 1252(a)(2)(D). See Garcia v. Attorney Gen. of the United States, 462 F.3d 287, 291 (3d Cir. 2006) (explaining that our jurisdiction extends to constitutional claims and questions of law raised in a petition for review, including the question whether a petitioner was convicted of an aggravated felony). We exercise plenary review over Apapna's legal argument that he was not an aggravated felon.[1] See id.

Despite his arguments to the contrary, Apanpa was convicted of an aggravated felony. An aggravated felony includes "an offense relating to . . . forgery . . . for which the term of imprisonment is at least one year." 8 U.S.C. § 101(a)(43)(R). Apanpa was convicted of criminal possession of a forged instrument in the second degree under New York Penal Code § 170.25. Section § 170.25 reads:

---

[1]Apapna does not pursue the citizenship claim he raised in the agency proceedings.

A person is guilty of criminal possession of a forged instrument in the second degree when, with knowledge that it is forged and with intent to defraud, deceive or injure another, he utters or possesses any forged instrument of a kind specified in section 170.10.

Section 170.10 includes commercial instruments, credit cards, deeds, wills, public records, written instruments created by a public office, prescriptions for drugs, and the like.

As we previously acknowledged, "the meaning of 'forgery' in federal law is ambiguous." Drakes, 240 F.3d at 249. However, upon study, we concluded that Congress wished to define forgery in the broadest sense by using the phrase "an offense relating to forgery." See id. In Drakes,[2] we considered a Delaware statute which provides in relevant part that a person is guilty of forgery when, with the intent to defraud, deceive, or injure another person, the person alters a written instrument of another without authority, make or transfers a written instrument that purports to be that of another who did not authorize the action, or (especially pertinent to this case) "possesses a written instrument, knowing that it was made, completed or altered under circumstances constituting forgery." 11 Del. C. § 861. We held that the Delaware forgery statute was related to forgery, and that the BIA's decision that a conviction under the Delaware statute was a conviction for an aggravated felony was correct, whether

---

[2]In Drakes, as here, the circumstances of the crime were not clear. See Drakes, 240 F.3d at 247 ("At minimum, he provided a false name to the police and later pled guilty to two counts of second-degree forgery under Delaware state law.") However, the New York Penal Code provision, like the Delaware statute, is considered under the formal categorical approach to determine "if it encompasses acts beyond those subject to prosecution under the federal definition." Id. at 249.

viewed through the deferential lens of <u>Chevron v. Natural Resources Defense Council</u>, 467 U.S. 837 (1984), or not.  <u>See</u> <u>Drakes</u>, 240 F.3d at 251.

The New York statute in this case describes conduct and intent included in the Delaware statute in <u>Drakes</u>.  Of particular relevance, the statutes are markedly similar in their description of the possession offense.  Accordingly, <u>Drakes</u> controls the result in this case, and Apanpa's conviction for criminal possession of a forged instrument in the second degree is an offense relating to forgery.  It is undisputed that Apanpa's resulting term of imprisonment is longer than one year.  Apanpa, then, was convicted of an aggravated felony.  His broad arguments relating to unfairness do not change the result.

Accordingly, although we deny the Government's motion to dismiss Apapna's petition for lack of jurisdiction, we deny Apapna's petition for review.