

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-18-2009

# Iecho v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1520

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Iecho v. Atty Gen USA" (2009). *2009 Decisions*. Paper 1729.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1729

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1520
_____

ODICHO NARSA IECHO,
                                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A40-124-164)
Immigration Judge:  Honorable Walter A. Durling
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 28, 2009
Before: MCKEE, NYGAARD, and ROTH, Circuit Judges

(Opinion filed: March 18, 2009)

_____

OPINION
_____

PER CURIAM

        Odicho Narsa Iecho, a native of Syria, was admitted to the United States as a

lawful permanent resident in 1986.  In September 2006, Iecho was charged as removable

as an aggravated felon and for having committed two crimes involving moral turpitude.

The IJ dismissed the aggravated felony charge and granted cancellation of removal. The government appealed. In April 2007, the BIA concluded that Iecho was an aggravated felon and sustained the appeal. It reinstated the removal proceedings and remanded the proceedings to the IJ. The IJ then denied Iecho's request for withholding of removal but granted relief under the Convention Against Torture. The BIA vacated the IJ's decision and ordered Iecho removed. Iecho then filed a timely petition for review.

Iecho argues that he has not been convicted of an aggravated felony. In August 2005, Iecho pleaded guilty to one count of trafficking in unauthorized access devices (stolen credit card numbers). Two counts of possessing fifteen or more unauthorized access devices were dismissed. In his plea agreement, Iecho agreed that the appropriate loss amount for each of the 557 stolen credit cards involved was $100 for a total of $55,700.

We have jurisdiction to consider whether Iecho is an aggravated felon and exercise plenary review over the BIA's conclusion. Garcia v. Attorney General, 462 F.3d 287, 290-91 (3d Cir. 2006). The term "aggravated felony" includes an offense that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." 8 U.S.C. § 1101(a)(43)(M)(i). Because this subsection specifies a mandatory loss amount, we may depart from the usual categorical approach and look at the indictment, plea, verdict, and sentence. Alaka v. Attorney General, 456 F.3d 88, 105-06 (3d Cir. 2006).

In Alaka, the petitioner pleaded guilty to one count of bank fraud which involved a

loss of $4,000. The sentencing court included the loss amount from two dismissed charges to find the intended loss to be $47,969. We determined that the loss tied to the dismissed charges was improperly considered in the analysis of whether Alaka's conviction was an aggravated felony. Id. at 105. Iecho, relying upon the following statement from Alaka, argues that the loss amount for sentencing purposes should not be used as the loss amount for the purposes of 8 U.S.C. § 1101(a)(43)(M)(i).

> Allowing the loss calculated for sentencing purposes to supersede the amount designated in the plea agreement 'would divorce the $10,000 loss requirement from the conviction requirement, [citing 8 U.S.C. § 1227(a)(2)(A)(iii) ], because relevant conduct for sentencing purposes need not be admitted, charged in the indictment, or proven to a jury.'

Alaka, 456 F.3d at 108 (citation omitted). Here, however, Iecho admitted in the plea agreement that $55,700 was the loss involved. In Alaka, we stated that the plea agreement controlled the analysis. "In other words, because it is the plea agreement that establishes the offense for which the defendant will be convicted, it is to that agreement, and not the indictment or the sentence, that we look in determining the intended loss." Id. at 107. Here, the plea agreement establishes that the loss was over the $10,000 requirement. Thus, we agree with the BIA that Iecho is an aggravated felon.

Because Iecho is an aggravated felon, our review of the BIA's denial of relief under the CAT is limited to constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(C). While he argues that the BIA erred as a matter of law in denying relief under the CAT, Iecho does not raise any constitutional claims or questions of law with

3

respect to that issue. His arguments challenging the BIA's acceptance of the government's first appeal are without merit.

For the above reasons, we will deny the petition for review.