**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2037
_____

SANDRO RODRIGUEZ,
                                            Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                                            Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A041-832-100)
Immigration Judge:  Honorable Mirlande Tadal
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 11, 2013

Before: SMITH, GREENAWAY, JR. and SHWARTZ , Circuit Judges

(Opinion filed: September 16, 2013)
_____

OPINION
_____

PER CURIAM

Sandro Rodriguez, a native and citizen of the Dominican Republic, petitions for review of the Board of Immigration Appeals' ("BIA") final order of removal. For the reasons that follow, we will deny the petition.

I.

Rodriguez entered the United States in 1986 and later became a lawful permanent resident. In 2003, he pleaded guilty in New Jersey state court to distribution of a controlled dangerous substance (cocaine), in violation of N.J. Stat. §§ 2C:35-5a(1) and 2C:35-5b(3). He was sentenced to 90 days' imprisonment and two years' probation.

In light of that conviction, the Department of Homeland Security ("DHS") initiated removal proceedings against Rodriguez, charging him with being removable for having been convicted of an aggravated felony, see 8 U.S.C. § 1227(a)(2)(A)(iii), and a controlled substance offense, see 8 U.S.C. § 1227(a)(2)(B)(i). Rodriguez conceded his removability and, after DHS denied his request for a favorable exercise of prosecutorial discretion, he applied for asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the Convention Against Torture ("CAT").

In November 2012, the IJ denied Rodriguez's application. The IJ began her analysis by finding that Rodriguez's testimony was not credible, and that he had not corroborated his claim. Next, the IJ determined that Rodriguez's conviction rendered him ineligible for asylum, withholding of removal under the INA, and withholding of removal under the CAT. Finally, the IJ rejected Rodriguez's request for deferral of removal under the CAT, concluding that, even if his allegations were true, he had not established that he would likely be tortured if

2

removed to the Dominican Republic.

Rodriguez appealed the IJ's decision to the BIA. In March 2013, the BIA dismissed the appeal. In doing so, the BIA "adopt[ed] and affirm[ed] the Immigration Judge's determinations for the reasons stated in [her] decision," while at the same time providing "brief comments for purposes of clarification." (A.R. at 3.)

Rodriguez now seeks review of the agency's decision.[1]

II.

Rodriguez's brief does not challenge the agency's determination that his conviction constitutes an aggravated felony under the INA. Nor does his brief challenge the agency's denial of his request for CAT relief. Accordingly, those issues have been waived. See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994). Furthermore, because an alien who is convicted of an aggravated felony is ineligible for asylum, Garcia v. Att'y Gen., 462 F.3d 287, 291 (3d Cir. 2006) (citing 8 U.S.C. § 1158(b)(2)(A)(ii), (b)(2)(B)(i)), Rodriguez's waiver of the agency's aggravated felony determination forecloses relief here with respect to his asylum claim.

All that is before us, then, is Rodriguez's challenge to the agency's denial of his request for withholding of removal under the INA. "Individuals seeking to obtain [that relief] may not do so if they are deemed by the Attorney General to have committed a particularly serious crime." Lavira v. Att'y Gen., 478 F.3d 158, 161 (3d Cir. 2007), overruled on other grounds by

---

[1] We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). Where, as here, the BIA's decision adopts and affirms the IJ's decision, "we have authority to review both decisions." Hanif v. Att'y Gen., 694 F.3d 479, 483 (3d Cir. 2012).

3

Pierre v. Att'y Gen., 528 F.3d 180 (3d Cir. 2008) (en banc); see 8 U.S.C. § 1231(b)(3)(B)(ii). For the reasons set forth in the IJ's decision, (see A.R. at 281-83), which the BIA adopted, we agree with the agency's conclusion that Rodriguez's conviction constituted a "particularly serious crime" for purposes of his claim for withholding of removal under the INA. As a result, the agency did not err in denying that relief.

In light of the above, we will deny Rodriguez's petition for review. His request for oral argument is denied.