NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3165
_____

MARVIN CONROY DAVIS,
                                        Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A089-394-769)
Immigration Judge:  Honorable Andrew R. Arthur
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 10, 2014
Before:  SMITH, GARTH and ROTH, Circuit Judges

(Opinion filed: April 14, 2014 )
_____

OPINION
_____

PER CURIAM

Marvin Davis is a citizen of Jamaica.  In 2008, he was indicted in Richmond,

Virginia, on one count of possessing with intent to sell, give, or distribute more than five

pounds of marijuana, in violation of Va. Code § 18.2-248.1.  R. 116.  He was found

1

guilty of that offense and received a five-year (but partially suspended) sentence of incarceration.  R. 117.

In 2012, the Government charged Davis as removable for having been convicted of an aggravated felony (8 U.S.C. § 1227(a)(2)(A)(iii)) and a controlled substance offense (8 U.S.C. § 1227(a)(2)(B)(i)).  Proceeding pro se before an Immigration Judge ("IJ"), Davis argued that his offense should not be considered an aggravated felony.  The IJ concluded to the contrary and ruled that Davis was removable on both charged grounds.  See R. 47 (controlled substance); R. 47–51 (aggravated felony).

Davis appealed to the Board of Immigration Appeals ("BIA").  The BIA ruled that there was no "reversible error in the [IJ's] determination that [Davis] is removable based on his aggravated felony conviction" and dismissed the appeal.[1]  R. 3.

Davis presents a petition for review.  His main argument is that he was not convicted of an aggravated felony.  He also takes issue with the agency's use and application of the modified categorical approach in his case.  In addition to opposing Davis's petition, the Government moves to dismiss it, asserting that we lack jurisdiction over the case because Davis is removable as a criminal alien.  See 8 U.S.C. § 1252(a)(2)(C).

---

[1] We note that a sentence on the first page of the BIA's decision is incomplete, and it is not clear if the copy in the certified record is missing some background information that is in the original.  R. 2-3.  However, Davis does not raise the issue, and any omission does not, in any event, affect our ability to review the case because the BIA's legal analysis begins later in the decision.

Because the basis for Davis's removal is his conviction for an aggravated felony, our jurisdiction is limited by the REAL ID Act; however, we retain jurisdiction over constitutional claims and questions of law. See Pierre v. Att'y Gen. of the U.S., 528 F.3d 180, 184 (3d Cir. 2008) (en banc) (citing 8 U.S.C. § 1252(a)(2)(C)-(D)); see also Silva-Rengifo v. Att'y Gen. of the U.S., 473 F.3d 58, 63 (3d Cir. 2007) (citing Kamara v. Att'y Gen. of the U.S., 420 F.3d 202, 210-11 (3d Cir. 2005), for the proposition that the "jurisdictional grant regarding appeals by aggravated felons extends not just to legal determinations but also to application of law to facts"). Despite the Government's argument to the contrary in its motion, Davis does raise questions of law, such as his claim that he was not convicted of an aggravated felony.

We reject his arguments, however. The statute under which Davis was convicted, Va. Code § 18.2-248.1, is a divisible statute, so the agency properly utilized the modified categorical approach. See Garcia v. Att'y Gen. of the U.S., 462 F.3d 287, 293 & n.9 (3d Cir. 2006). The BIA determined from the evidence in the record (R. 116-18), see 8 C.F.R. § 1003.41; Moncrieffe v. Holder, 133 S. Ct. 1678, 1684 (2013) (describing the type of documents that may be considered), that Davis was charged with and convicted of the "more than five pounds" version of the statute, see Va. Code § 18.2-248.1(3). The BIA then "compare[d] the offense of conviction to the federal Controlled Substances Act to determine if it [wa]s analogous to an offense under that Act." Borrome v. Att'y Gen.

3

of the U.S., 687 F.3d 150, 155 (3d Cir. 2012) (quotation marks and citation omitted). Meanwhile, 21 U.S.C. § 841(b)(1)(D) would attach a maximum five-year sentence to the conduct. Cf. Evanson v. Att'y Gen. of the U.S., 550 F.3d 284, 289 (3d Cir. 2008). And, as the BIA noted, we have held that 120.5 grams is not a "small amount" of marijuana that would escape the felony definition, see Catwell v. Att'y Gen., 623 F.3d 199, 209 (3d Cir. 2010); it therefore follows that an amount in excess of 2.2 kilograms would not either.

For these reasons and otherwise, Davis's challenge to the BIA's decision is without merit. We deny his petition for review.[2]

---

[2] We also deny the Government's motion to dismiss the petition.