

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-22-2009

# Shafer v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2318

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Shafer v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1505.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1505

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-2318

_____

SAMUEL D. SHAFER,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A26-464-163)
Immigration Judge:  Honorable  Roxanne Hladylowycz

_____

Argued February 5, 2009

Before:  RENDELL and ROTH, Circuit Judges and
HAYDEN, District Judge*

(Filed: April 22, 2009)

_____

Dennis Mulligan, Esq.    **[ARGUED]**
Nationalities Service Center
1216 Arch Street, 4th Floor
Philadelphia, PA  19107
     *Counsel for Petitioner*

_____

*Honorable Katharine S. Hayden, District Judge for the District of New Jersey
(Newark), sitting by designation.

Kevin J. Conway, Esq.   **[ARGUED]**
Richard M. Evans, Esq.
Allen W. Hausman, Esq.
U.S. Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC  20044
  *Counsel for Respondent*

---

OPINION OF THE COURT

---

Rendell, <u>Circuit Judge</u>.

Petitioner Samuel Shafer seeks review of the Board of Immigration Appeals'

("BIA") final order of removal.  The Immigration Judge ("IJ") determined that Shafer's

conviction for indecent assault constituted an "aggravated felony" within the meaning of

8 U.S.C. §1227(a)(2)(A)(iii), rendering him ineligible for cancellation of removal.  The

BIA affirmed.  On appeal, Shafer assigns two points of error.  As he failed to raise one of

the points before the BIA, we address his remaining challenge, in which he urges that the

government failed to prove that he pled guilty to an "aggravated felony" by offering only

the charging document, and not the plea agreement itself.[1]  Finding this argument

---

[1] On appeal, Shafer contends that, even assuming that clear and convincing
evidence supported his conviction for indecent assault of a minor under 18 Pa. C.S. §
3126(a)(8), a violation of that subpart does not constitute the aggravated felony of "sexual
abuse of a minor" under 8 U.S.C. § 1101(a)(43)(A).  We lack jurisdiction to decide this
issue, which Shafer failed to exhaust before the BIA. AR 4, 10, 16; 8 U.S.C. §
1252(d)(1); *Abdulrahman v. Ashcroft*, 330 F.3d 587, 594-95 (3d Cir. 2003) (holding that
we lack jurisdiction to address arguments not raised before the BIA).

2

unpersuasive, we will deny the petition for review.

Petitioner Samuel Shafer, a native and citizen of the Philippines, has resided in the United States since 1983. AR. 181. In 2004, Shafer pled guilty to indecent assault under 18 Pa. C.S. § 3126 and endangering the welfare of a child under 18 Pa. C.S. § 4304. The Pennsylvania indecent assault statute contains eight subparts, each of which affords an independent basis for conviction.[2]

The criminal information filed in the Pennsylvania Court of Common Pleas for

---

[2] 18 Pa. C.S. § 3126 then in effect provided:

(a) OFFENSE DEFINED—A person who has indecent contact with the complainant or causes the complainant to have indecent contact with the person is guilty of indecent assault if:

(1) the person does so without the complainant's consent;
(2) the person does so by forcible compulsion;
(3) the person does so by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution;
(4) the complainant is unconscious or the person knows that the complainant is unaware that the indecent contact is occurring;
(5) the person has substantially impaired the complainant's power to appraise or control his or her conduct by administering or employing, without the knowledge of the complainant, drugs, intoxicants or other means for the purpose of preventing resistance;
(6) the complainant suffers from a mental disability which renders the complainant incapable of consent;
(7) the complainant is less than 13 years of age; *or*
*(8) the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other.*
(emphasis added).

Allegheny County charged Shafer with violating subpart 3126(a)(8):

> Count 1: Indecent Assault
>
> The actor had indecent contact with Jane Doe, or caused Jane Doe, to have indecent contact with the actor when Jane Doe, was less than 16 years of age and actor was four or more years older than he or she, and he or she and actor were not married to each other, in violation of Section 3126(a)(8) . . . .

AR 17. A sentencing sheet was filed summarizing Shafer's convictions under § 3126 and § 4304. AR 208. The sentencing sheet, which did not specify the subpart of § 3126 under which Shafer pled guilty, stated, "Count 1: Indecent Assault (Section 3126)."

After his conviction, the government commenced removal proceedings by issuing Shafer a Notice to Appear ("NTA"), which charged Shafer as removable for committing an "aggravated felony," 8 U.S.C. § 1227(a)(2)(A)(iii), and a "crime of child abuse," 8 U.S.C. § 1227(a)(2)(E)(i).[3] The government appended to the NTA the criminal information and sentencing sheet filed in the state proceeding, but did not include the terms of the guilty plea or a transcript of the plea colloquy.

The BIA, affirming the IJ, found by clear and convincing evidence that Shafer pled guilty to the offense of indecent assault of a minor under § 3126(a)(8). Although the sentencing sheet did not specify the predicate subpart of § 3126, the BIA found that the

---

[3] Shafer does not challenge that he was convicted of a "crime of child abuse"; however, a conviction for child abuse—in contrast to an aggravated felony conviction—does not render him ineligible *per se* for cancellation of removal. *See* 8 U.S.C. § 1229b(a)(3) (providing that Attorney General may cancel removal of an otherwise deportable alien if, *inter alia*, he "has not been convicted of any aggravated felony").

4

criminal information, which specifically alleged a violation of § 3126(a)(8), indicated that the complainant was under 16 years of age, and that Shafer was four or more years older than she. Finally, the BIA noted that at least one subpart of § 3126 must apply to sustain a conviction for indecent assault, and that no allegations or evidence supported Shafer's conviction under any subpart other than § 3126(a)(8).

The BIA summarily affirmed the IJ's determination that the offense of indecent assault of a minor qualifies as the aggravated felony of "sexual abuse of a minor" under 8 U.S.C. § 1101(a)(43)(A), rendering Shafer ineligible for cancellation of removal.

On appeal, Shafer contends that the record of conviction was legally insufficient to establish his conviction for indecent assault of a minor under § 3126(a)(8), because the sentencing sheet for his conviction failed to specify the subpart of § 3126 under which he pled guilty, and because the government did not proffer a transcript of the guilty plea colloquy, or the terms of the plea agreement, confirming Shafer's conviction under the subpart asserted. Shafer thus maintains that it was impossible for the BIA to ascertain conclusively the subpart of § 3126 under which he pled guilty.[4]

---

[4] Because Shafer identifies an issue of law, we properly exercise jurisdiction over his petition for review. *See* 8 U.S.C. § 1252(a)(2)(D) ("Nothing in . . . any other provision of this chapter . . . which limits or eliminates judicial review . . . shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section."); *Stubbs v. Attorney Gen. of U.S.*, 452 F.3d 251, 253 n.4 (3d Cir. 2006) (quoting *Papageorgiou v. Gonzales*, 413 F.3d 356, 358 (3d Cir. 2005) ("Congress restored, even for aliens convicted of an aggravated felony, our jurisdiction over 'constitutional claims and questions of law presented in petitions for review of final removal orders.'")).

We review *de novo* questions of constitutional or statutory interpretation, particularly those affecting our jurisdiction. *Nugent v. Ashcroft*, 367 F.3d 162, 165 (3d Cir. 2004); *Valansi v. Ashcroft*, 278 F.3d 203, 207 (3d Cir. 2002). We reject the government's argument that we accord *Chevron* deference to the decision of the BIA, as the Board did not construe a statutory term. *See Chevron v. NRDC*, 467 U.S. 837, 842-43 (1984) (deference only warranted where agency construes an ambiguous statutory term); *Singh v. Ashcroft*, 383 F.3d 144, 152 (3d Cir. 2004) (refusing to accord *Chevron* deference where BIA did not provide a "full-blown reasoned interpretation" of a statutory provision).

An alien who is convicted of an aggravated felony at any time after admission to the U.S. is subject to removal. 8 U.S.C. § 1227(a)(2)(a)(iii). The government bears the burden of proving by clear and convincing evidence that an alien has committed an aggravated felony. 8 U.S.C. § 1229a(c)(3)(A). To determine whether a criminal violation constitutes an "aggravated felony," we employ a "categorical" approach, "focusing on the underlying criminal statute 'rather than the alien's specific act.'" *Knapik v. Ashcroft*, 384 F.3d 84, 88 (3d Cir. 2004) (quoting *DeLeon-Reynoso v. Ashcroft*, 293 F.3d 633, 635 (3d Cir. 2002)). Accordingly, "we look to the elements of the statutory state offense, not to the specific facts," reading the applicable statute to ascertain the least culpable conduct necessary to sustain a conviction under the statute. *Id.* (quoting *Wilson v. Ashcroft*, 350 F.3d 377, 381 (3d Cir. 2003)).

Where, as here, a statute of conviction contains disjunctive elements, some of which are sufficient for conviction of the federal offense and others of which are not, we have departed from a strict categorical approach. In such a case, we will conduct a limited factual inquiry, examining the record of conviction for the narrow purpose of determining the specific subpart under which the defendant was convicted. *See Singh*, 383 F.3d at 162. This is called the "modified" categorical approach. *Shepard v. United States*, 544 U.S. 13, 26 (2005); *Evanson v. Attorney Gen. of U.S.*, 550 F.3d 284, 290-91 (3d Cir. 2008). In *Shepard*, the Court decided that a court could look to the charging document, the plea agreement or transcript of the plea colloquy in which the defendant confirmed the factual basis for the plea, or to some comparable judicial record of information to determine the nature of the offense to which the defendant pled. 544 U.S. at 26.

In *Stubbs v. Attorney General of the United States*, we considered whether an alien's conviction for "endangering the welfare of a child" under New Jersey law constituted the aggravated felony of "sexual abuse of a minor" under 8 U.S.C. § 1101(a)(43)(A). 452 F.3d at 253-55. The statute of conviction contained two disjunctive elements, either of which was sufficient for conviction. *Id.* at 254. In *Stubbs*, as here, the record of conviction consisted solely of the charging instrument.[5] We found this

_____

[5] Unlike Shafer, Stubbs admitted the allegations contained in the NTA at his removal proceeding. This distinction, however, is immaterial. In *Stubbs*, we did not rely on the alien's oral proffer to ascertain the scope of his guilty plea. Rather, we looked solely to the record of conviction in the state proceeding, which did "not include any

evidence sufficient to establish the variation of the statute to which Stubbs pled guilty: "Accordingly, the BIA's examination of the charging instrument was appropriate, and it correctly concluded that Stubbs was convicted under the prong of N.J. Stat. Ann. § 2C:24-4(a) that prohibits 'engag[ing] in sexual conduct which would impair or debauch the morals of the child.'" *Id.* at 255.

More recently, in *Garcia v. Attorney General of the United States*, 462 F.3d 287 (3d Cir. 2006), we reiterated *Stubbs's* basic approach, relying on the charging instrument to ascertain the scope of the alien's guilty plea. There, the alien, Belito Garcia, pled *nolo contendere* to violations of 35 Pa. Stat. Ann. section 780-113(a)(30), which prohibits the "manufacture, delivery, or possession with intent to manufacture *or* deliver a controlled substance" (emphasis added). Section 780-113(a)(30), we noted, prescribes alternative *mens rea* – intent to manufacture *or* intent to deliver -- either of which is sufficient for conviction under the statute. *Id.* at 293. However, only manufacture, delivery, or possession *with "intent to deliver"* constitutes an aggravated felony, authorizing removal. Hence, the dispositive issue was whether the record of conviction established an "intent to deliver." In ascertaining the scope of Garcia's guilty plea, we relied solely on the charging instrument, alleging that "the defendant unlawfully sold and delivered a controlled substance, to wit, marijuana to an undercover police officer, and at a latter

---

details of the offense other than the charge, as identified in the indictment." *Stubbs*, 452 F.3d at 252 n.1.

time on the same date the [defendant] possessed an additional 38 packets of marijuana . . . in a quantity and under circumstances indicating intent to deliver." *Id.* We thus concluded, "it is clear *from the criminal complaint* that Garcia pled guilty to delivery and possession with the intent to deliver." *Id.* (emphasis added). Hence, *Garcia* and *Stubbs* support the proposition that the charging instrument filed in the underlying criminal proceeding may be sufficient to ascertain the scope of a guilty plea for purposes of removal.

In *Singh,* cited by Shafer, we also approved that approach. 383 F.3d at 162. There, we addressed whether an alien's conviction under Delaware law for unlawful sexual contact constituted the aggravated felony of "sexual abuse of a minor." We stated, "Turning to the statute of conviction, there are also cases where a look into the underlying facts – *or at least the charging instrument* – is called for." *Id.* (emphasis added). *Singh* suggested that the charging instrument itself may be sufficient to establish the subpart of a divisible statute to which an alien has pled guilty: "Commonly, the best way to resolve the question raised by a conviction under a statute phrased in the disjunctive . . . will be to look to the charging instrument *or* to a formal guilty plea . . . ." *Id.* at 163 (emphasis added).[6]

Thus, the BIA correctly determined that based on the charging document, Shafer

---

[6] Shafer relies on *Valansi v. Ashcroft*, but as the government points out in its brief, it is distinguishable, and he takes certain language from the opinion out of context. *See* 278 F.3d at 214.

9

pled guilty to indecent assault of a minor under § 3126(a)(8).  Because we assume for purposes of this appeal that such a conviction constitutes an aggravated felony, Shafer is ineligible for cancellation of removal.

For the foregoing reasons, we will deny the petition for review.