OPINION
COWEN, Circuit Judge.
Jose dos Santos, a native and citizen of Brazil, seeks review of a final order issued by the Board of Immigration Appeals (“BIA”). For the reasons that follow, we will deny the petition for review.
*743 The parties are familiar with the background of this case, and so we provide only a summary of the proceedings. In 1986, Santos was admitted to the United States as a lawful permanent resident. In 2002, he was convicted in Connecticut of possession of marijuana with intent to sell (Conn. Gen. Stat § 21a-277(b));[1] he was sentenced to three years of incarceration, suspended after ninety days, with three years of probation. In 2003, upon returning to the United States from a family trip to Portugal, Santos was charged with inadmissibility under INA § 212(a)(2)(A)(i)(II) as an alien convicted of a state controlled substances offense and section 212(a)(2)(C) as an alien known or believed to be an illicit trafficker of a controlled substance. Santos applied for cancellation of removal under section 240A(a) for a permanent resident and for withholding of removal under section 241(b)(3). After a hearing, in June 2006, the Immigration Judge (“IJ”) denied Santos’s applications and ordered him removed as an arriving alien. The IJ denied the application for cancellation of removal under section 240A(a) as pretermitted, concluding that Santos’s conviction was an “aggravated felony” and that he was therefore ineligible for cancellation of removal under section 240A. The IJ also denied withholding of removal under section 241(b)(3), finding that Santos had not established that his life or freedom would be threatened upon a protected ground if he returned to Brazil. By an order dated May 15, 2008, the BIA dismissed the appeal, finding no basis to overturn the IJ’s determination that the Connecticut conviction was for a drug trafficking offense under INA § 212(a)(2)(C). This petition for review followed.
We have jurisdiction to consider Santos’s legal argument that he was not convicted of an aggravated felony and exercise plenary review over the BIA’s conclusion. See Garcia v. Attorney General, 462 F.3d 287, 290-91 (3d Cir.2006). The term “aggravated felony” includes an offense that includes “illicit trafficking in a controlled substance (as defined in 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18).” Evanson v. Attorney General, 550 F.3d 284, 288 (3d Cir.2008) (citing 8 U.S.C. § 1101(a)(43)(B)) (internal quotations omitted). A state drug conviction constitutes an aggravated felony for removal purposes if (1) it would be punishable as a felony under the federal Controlled Substances Act, or (2) it is a state law felony and includes an illicit trafficking element. Evanson, 550 F.3d at 288. In this case, the BIA confined its decision to the IJ’s determination that Santos’s drug conviction was an aggravated felony under the second approach, specifically, that the Connecticut offense contained a “trafficking element,” meaning that it involved “the unlawful trading or dealing of a controlled substance.” See Gerbier v. Holmes, 280 F.3d 297, 305 (3d Cir.2002).[2]
*744 Generally, when determining whether an alien’s conviction is for an aggravated felony, the court may look only to the statutory definition of the offense, and may not consider the particular facts underlying a conviction. See Singh v. Ashcroft, 383 F.3d 144, 147-48 (3d Cir.2004). See also Nijhawan v. Holder, — U.S. -, 129 S.Ct. 2294, 2300, 174 L.Ed.2d 22 (2009) (citing Steele v. Blackman, 236 F.3d 130, 136 (3d Cir.2001)), noting that the categorical approach is applied when courts determine whether a crime involves “illicit trafficking in a controlled substance” fox-purposes of 8 U.S.C. § 1101(a)(43)(B). However, an exception to this “categorical” approach pex-mits a court to look beyond the face of the statute to certain undexiying facts when, as here, the statute of conviction “invites inquiry” into the specifics of the conviction, such as when the statute is phrased in the disjunctive. See Singh, 383 F.3d at 148; Valansi v. Ashcroft, 278 F.3d 203, 214 (3d Cir.2002) (examining underlying facts when “some, but not all” convictions under statute would qualify as aggx-avated felony).
The Connecticut statute penalizes “[a]ny person who manufactures, distributes, sells, px-escribes, dispenses, compounds, tx-anspox-ts with the intent to sell or dispense, possesses with intent to sell or dispense, offers, gives or administers to another person any controlled substance. ...” Conn. Gen. Stat § 21a-277(b). As Santos argues in his bx-ief, it is not eategox-ically clear that trafficking is an element of his offense under the Connecticut statute because remunex-ation is not a required element of the cx-ime. The Coux-t tnay look to the underlying facts of the conviction and may consult the state court guilty plea colloquy, among other things. See Shepard v. United States, 544 U.S. 13, 16, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) (noting that courts may examine the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented).
The administx-ative record contains a transcript of Santos’s guilty plea hearing. During the proceedings, the state prosecutor recited the facts leading to Santos’s drug arrest. In summary, Santos was in a parked vehicle with others when officers witnessed what appeax-ed to be a drug transaction. Santos received what appeared to be money from an individual and passed a small plastic bag to the payor. The police uncovered quantities of marijuana, small Ziploc bags, a digital scale, and $400 cash from in the vehicle. When the state coux-t judge asked Santos whether the facts recited by the prosecutor wex-e essentially correct, Santos denied that a transaction took place. Then, after Santos conferx-ed with counsel, the judge repeated the quex-y regarding the prosecutor’s recitation of the facts, asking, “And my question to you is: Are those facts essentially correct?” Saixtos answered, “Yes, sir.” (IJ Decision at 10-11, quoting guilty plea transcript at 7.) Santos argues that the transcript indicates only that he pleaded guilty to the “essential facts.” That is, Santos argues that he expressed agreement with only the facts that satisfied the essential elements to sustain a conviction under the Connecticut statute, which does not require remuneration. We recognize that Santos contends that he nowhere acknowledged that a sale or tx-ansaction occurred, see Pet’r Br. at 15, but the transcript belies Santos’s assex-tion. Although *745 the state court judge referred to the elements of the offense earlier during the colloquy, the transcript reflects that Santos affirmed the “essential correctness” of the facts recited by the prosecutor.
Santos has submitted a letter pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure containing a new argument based on our decision in Evanson v. Attorney General, 550 F.3d 284 (3d Cir.2008). Evanson involved a Pennsylvania statute criminalizing possession of marijuana with the intent to distribute. The BIA found that the offense involved 0.4841 pounds of marijuana, and based on the large drug quantity, the BIA concluded that the offense was an aggravated felony under the hypothetical federal felony doctrine. Id. at 288. On review, we concluded that the petitioner’s crime would not be considered an aggravated felony when documents properly consulted using the modified categorical approach did not provide proof of the amount of marijuana involved or remuneration. Id. at 293-94.[3] The situation in Evanson differs from Santos’s case because no transcript of the plea colloquy was presented in Evanson, as it was here. Santos’s reliance on Evanson is unavailing.
For the foregoing reasons, we agree with the BIA’s decision. We will deny the petition for review.

. The BIA decision states that Santos's conviction was under Conn. Gen. Stat § 21a-277(b). The record is ambiguous on this point. The state court judgment sheet supports the BIA’s statement that the conviction was under section 21a-277(b), but the transcript of Santos's guilty plea hearing indicates that he pleaded guilty to a substituted information charging him with a violation of section 21a-277(a), a charge that carries greater penalties than subsection (b) of that statute. The parties in their briefs dispute the applicable subsection, but the discrepancy does not affect the outcome of the case. As will be discussed, an aggravated felony can be found even under the less serious offense of subsection (b).

. There is no dispute that Santos's Connecticut offense is a state law felony, with its maximum penalty a term of imprisonment not to exceed seven years. Conn. Gen. Stat. § 21a-277(b). We need not discuss the "hypothetical felony route” for determining *744 the aggravated felony question, which requires that the offense be punishable as a felony under the federal Controlled Substances Act regardless of whether it is a state law felony or not. Gerbier, 280 F.3d at 306.

. We rejected the government's argument that it could properly consult the criminal information, including charges in counts of which the petitioner in Evanson was not convicted, and the judgment of sentence.