**Luis Alberto PRETELT, Petitioner**

v.

**ATTORNEY GENERAL OF
the UNITED STATES,
Respondent.**

**No. 08–4051.**

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) March 10, 2010.

Opinion filed: March 16, 2010.

Nicholas J. Mundy, Esq., Brooklyn, NY, for Petitioner.

Brichard M. Evans, Esq., Thomas W. Hussey, Esq., Virginia M. Lum, Esq., Andrew J. Oliveira, Esq., United States Department of Justice Office Of Immigration Litigation, Washington, DC, Michael B. Mukasey, Esq., Debevoise & Plimpton, New York, NY, for Respondent.

Before: FUENTES, ROTH and VAN ANTWERPEN, Circuit Judges.

## OPINION

PER CURIAM.

Luis Alberto Pretelt, a citizen of Colombia, was admitted to the United States as lawful permanent resident on October 23, 1999. On August 9, 2005, he was convicted of arson in the third degree in New Jersey under N.J. Stat. Ann. §§ 2C:17–1(b)(1) and 2C:2–6.[1] On January 16, 2008, the Government charged him as removable under 8 U.S.C. § 1227(a)(2)(A)(i) for having committed, within five years of becoming a lawful permanent resident, a crime of moral turpitude for which a sentence of one year or more may be imposed. Pretelt applied for cancellation of removal. The Immigration Judge ("IJ") denied Pretelt's application and determined that Pretelt was removable as charged. Pretelt appealed to the BIA, which affirmed the IJ's decision and dismissed Pretelt's appeal.

Pretelt presents a petition for review. The Government initially submitted a motion to dismiss Pretelt's petition, arguing that the Court lacks jurisdiction because Pretelt was convicted of a crime involving moral turpitude and raises no legal or

---

1. Section 2C:2–6 is a general liability provision. Section 2C:17–1 describes arson and related offenses; although it has many sec-

tions, there is no dispute that Pretelt's conviction was under subsection (b)(1).

constitutional issues. However, in its brief, the Government does not pursue its jurisdictional argument, instead requesting that we deny the petition on the merits. As the Government realizes, we retain jurisdiction under 8 U.S.C. § 1252(a)(2)(D) over constitutional claims and questions of law raised in a petition for review. Accordingly, we deny the Government's motion and review the issue that Pretelt raises, namely whether his crime was a crime of moral turpitude. *Cf. Garcia v. Attorney Gen. of the United States*, 462 F.3d 287, 291 (3d Cir.2006).

The specific issue is whether the crime (arson in the third degree) for which Pretelt was convicted is a crime of moral turpitude. (It is undisputed that Pretelt committed a crime (on May 11, 2004) within five years of becoming a lawful permanent resident (on October 23, 1999) for which he was subject to a term of imprisonment of one year or more, *see* N.J. Stat. Ann. § 2C:43–6(a)(3).) Upon review, we hold that the agency reasonably concluded that Pretelt committed a crime of moral turpitude.

In *Partyka v. Attorney General of the United States*, we summarized the inquiry into whether a crime involves moral turpitude:

> Whether an alien's crime involves moral turpitude is determined by the criminal statute and the record of conviction, not the alien's conduct. . . . Under this categorical approach, we read the applicable statute to ascertain the least culpable conduct necessary to sustain a conviction under the statute. . . . As a general rule, a criminal statute defines a crime involving "moral turpitude only if all of the conduct it prohibits is turpitudinous." . . . Where a statute covers both turpitudinous and non-turpitudinous acts, however, it is "divisible," and we then look to the record of conviction to determine whether the alien

was convicted under that part of the statute defining a crime involving moral turpitude.

417 F.3d 408, 412 (3d Cir.2005) (citations omitted); *see also Jean–Louis v. Attorney Gen. of the United States*, 582 F.3d 462, 466 (3d Cir.2009) (describing our limited factual inquiry to determine the specific subpart under which a defendant was convicted in cases in which the statute of conviction is "divisible").

The section of the statute under which Pretelt was convicted reads as follows:

> b. Arson. A person is guilty of arson, a crime of the third degree, if he purposely starts a fire or causes an explosion, whether on his own property or another's:
>
> (1) Thereby recklessly placing another person in danger of death or bodily injury[.]

N.J. Stat. Ann. § 2C:17–1(b)(1). New Jersey defines the term "recklessly" as follows:

> Recklessly. A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and purpose of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation. "Recklessness," "with recklessness" or equivalent terms have the same meaning.

N.J. Stat. Ann. § 2C:2–2(b)(3).

The recklessness required for Pretelt's conviction under New Jersey law is recklessness in regard to the life or bodily integrity of another. Accordingly, the BIA did not err in concluding the crime implicated "accepted rules of morality and the duties owed to society." *Knapik v.*

*Ashcroft,* 384 F.3d 84, 90 (3d Cir.2004). In *Knapik,* we held that the BIA did not act unreasonably in concluding that a first degree reckless endangerment statute, which contained aggravating factors requiring a defendant to create a " 'grave risk of death to another person' " " 'under circumstances evincing a depraved indifference to human life,' " described a crime involving moral turpitude. *Id.* As we stated in *Partyka* (citing *Knapik*), we have expressed approval of the BIA's decision to find "moral turpitude to inhere in serious crimes committed recklessly, i.e., with a conscious disregard of a substantial and unjustifiable risk that serious injury or death would follow." 417 F.3d at 414. The arson crime at issue in this case, with requisite recklessness in relation to the risk of injury or death, is not sufficiently distinguishable from the crime in *Knapik* to justify a different result.

In short, for the reasons stated, we deny the Government's motion to dismiss and we will deny the petition for review.