**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4615
_____

LLOYD ANTHONY MILLER,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(A031-279-696)
Immigration Judge: Honorable Walter A. Durling
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 20, 2011

Before: FUENTES, GREENAWAY, JR., and GREENBERG, Circuit Judges

(Opinion filed: July 25, 2011)
_____

OPINION
_____

PER CURIAM.

Lloyd Anthony Miller, a native and citizen of Jamaica, petitions for review of a
final order of removal entered by the Board of Immigration Appeals ("BIA"). For the
reasons that follow, we will deny the petition for review.

1

Miller, currently age fifty-five, entered the United States in 1972 as a lawful permanent resident. He served in the United States Army from August 1974 to August 1975. In 1982, Miller was convicted in the Philadelphia, Pennsylvania, Municipal Court of possession of a controlled substance, in violation of 35 Pa. Cons. Stat. Ann. § 780-113(a)(16). In 1983, Miller pled guilty in the same court to delivery of a controlled substance (marijuana), in violation of 35 Pa. Cons. Stat. Ann. § 780-113(a)(30). In 1999, Miller pled guilty in a New Jersey state court to third-degree theft from a person, in violation of N.J. Stat. Ann. § 2C:20-3.

In 2009, after an arrest for driving under the influence, Miller was brought to the attention of the Department of Homeland Security ("DHS"), which served a notice to appear charging removability due to the above-mentioned criminal offenses under 8 U.S.C. § 1227(a)(2)(A)(iii) (conviction for an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(B)), and 8 U.S.C. § 1227(a)(2)(B)(i) (conviction for a controlled substance offense). DHS later served notice of an additional charge of removability under 8 U.S.C § 1227(a)(2)(A)(ii) (conviction for two or more crimes involving moral turpitude).

On January 6, 2010, Miller appeared with counsel at a hearing before an Immigration Judge ("IJ"). Although Miller seemed to concede at the hearing that he was removable as charged under § 1227(a)(2)(B)(i) for a controlled substance offense, see A.R. at 59, the IJ never accepted the concession and did not order removal on that basis. Miller challenged the remaining grounds for removal, including the charge that his 1983

conviction for delivery of a controlled substance constitutes an aggravated felony under § 1227(a)(2)(A)(iii). Miller did not express fear of returning to Jamaica or submit an application for relief from removal on that basis.

In March 2010, while the removal proceeding was pending, Miller submitted an application to United States Citizenship and Immigration Services ("USCIS") seeking to obtain naturalization based on his service in the United States Army. USCIS denied the application on the grounds that (i) removal proceedings were pending against Miller, and (ii) Miller failed to demonstrate his good moral character, citing charges of driving under the influence, assault, and recklessly endangering another person that were pending against Miller stemming from his 2009 arrest.

Thereafter, the IJ determined from the evidence of record that there was "a slight remuneration for [Miller]'s delivery of marijuana" in the 1983 offense, A.R. at 38, and concluded, therefore, that the government had sustained its burden in showing that the 1983 offense is an aggravated felony under § 1227(a)(2)(A)(iii). The IJ ordered removal to Jamaica based on the aggravated felony determination.[1]

Miller, with the assistance of a different lawyer, appealed to the BIA and raised three contentions in his notice of appeal: (1) he expressed a desire to apply for cancellation of removal; (2) he argued that the IJ failed to comply with Matter of Recinas, 23 I. & N. Dec. 467 (BIA 2002); and (3) he claimed that the IJ "abused his discretion."

---

[1] It is undisputed that the IJ did not sustain the charges of removability under 8 U.S.C. §§ 1227(a)(2)(A)(ii) and (a)(2)(B)(i). See Respondent's Br. at 10 n.7.

A.R. at 27. Miller did not file an appellate brief.

The BIA dismissed the appeal. It found no error in the determination that the 1983 conviction is an aggravated felony under § 1227(a)(2)(A)(iii) because the offense involved illicit trafficking in a controlled substance. (The BIA made no finding regarding the other charges of removability.) The BIA further found that Miller is ineligible for most forms of relief, including cancellation of removal, due to the aggravated felony conviction. The BIA observed that Miller expressed no fear of returning to Jamaica. Miller timely filed a pro se petition for review in this Court.

## II.

We have jurisdiction under 8 U.S.C. § 1252(a)(1) to review a final order of removal. While generally we lack jurisdiction over a petition for review if the alien, as here, is removable due to an aggravated felony conviction, see 8 U.S.C. § 1252(a)(2)(C), we retain jurisdiction over constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(D); Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005).

The primary "question of law" that Miller presents for our review is whether the BIA erred in determining that his 1983 conviction for delivery of a controlled substance constitutes an aggravated felony. According to Miller, the evidence does not support the aggravated felony determination, and therefore he should be eligible to apply for a cancellation of removal. Exercising our "jurisdiction to determine *de novo* whether [Miller's] conviction constituted an aggravated felony," Evanson v. Att'y Gen., 550 F.3d

4

284, 288 (3d Cir. 2008), we discern no error in the BIA's determination.[2]

An aggravated felony is defined to include "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). We have explained that a state drug conviction constitutes an aggravated felony "if (a) it would be punishable as a felony under the federal Controlled Substances Act, or (b) it is a felony under state law and includes an illicit trafficking element." Evanson, 550 F.3d at 288. Accordingly, "we apply two independent tests for determining whether a state court drug conviction constitutes an aggravated felony: the 'illicit trafficking element' route and the 'hypothetical federal felony' route." Id. At 288-89.

In Evanson, we considered the statute at issue here (35 Pa. Stat. Ann. § 780-

---

[2] Respondent contends that, because Miller raised no challenge to his removability before the BIA, he failed to exhaust administrative remedies under 8 U.S.C. § 1252(d)(1), leaving this Court without jurisdiction to review whether the 1983 conviction constitutes an aggravated felony. We conclude that Miller satisfied the exhaustion requirement. While Miller did not expressly challenge his removability before the BIA, he did request an opportunity to apply for cancellation of removal, which he had been precluded from seeking by virtue of the IJ's aggravated felony determination. See Evanson, 550 F.3d at 287 n.2. In addressing Miller's appeal on the merits, the BIA expressly reviewed, and found no error in, the determination that Miller's 1983 offense is an aggravated felony, and further held that, "[a]s a[n LPR] convicted of an aggravated felony, [Miller] is ineligible for most forms of relief from removal, including … cancellation of removal[.]" A.R. at 3. On this record, even if we assume that Miller's notice of appeal did not adequately alert the BIA of his desire to challenge the aggravated felony determination, the BIA reached the merits of the issue nonetheless. Accordingly, we have jurisdiction over Miller's challenge to the BIA's aggravated felony determination. See Lin v. Att'y Gen., 543 F.3d 114, 126 (3d Cir. 2008) (holding that because "the BIA sua sponte addressed and ruled on the unraised issue … we have jurisdiction to consider the petition for review").

113(a)(30)) and observed, in applying the hypothetical federal felony test, that "[a] state marijuana conviction is … only equivalent to a federal drug felony if the offense involved payment or more than a small amount of marijuana." Evanson, 550 F.3d at 289. In Jeune v. Attorney General, 476 F.3d 199 (3d Cir. 2007), we considered whether a conviction under § 780-113(a)(30) is analogous to a violation of 21 U.S.C. § 841(b)(1)(D), and "[w]e found that distributing a small amount of marijuana for no remuneration could be prosecuted under the Pennsylvania statute, and thus that we could not determine that it was equivalent to a federal drug felony without more information about the conviction." Evanson, 550 F.3d at 289. In addition, under the illicit trafficking element test, "a state felony drug conviction constitutes an aggravated felony if it contains a trafficking element," id., and because § 780-113(a)(30) may encompass conduct that does not involve trading or dealing (such as manufacturing for personal use), "more than the bare fact of conviction" is needed to satisfy the illicit trafficking element. Jeune, 476 F.3d at 204.

In short, "under either the hypothetical federal felony test or the illicit trafficking element test, a conviction under [§ 780-113(a)(30)] is not necessarily an aggravated felony." Evanson, 550 F.3d at 290. In Garcia v. Attorney General, 462 F.3d 287 (3d Cir. 2006), we addressed a § 780-113(a)(30) offense under the illicit trafficking element test and observed that a violation this statute is a felony under Pennsylvania law, and therefore "the first requirement of the illicit trafficking route is clearly satisfied." Id. At 293. Turning to whether the offense contained a "trafficking element," we concluded in

<u>Garcia</u> that "we may examine the charging instrument to determine whether [petitioner]'s conviction" meets this requirement.  <u>Id.</u> At 293; <u>see</u> <u>also</u> <u>Evanson</u>, 550 F.3d at 293 (explaining that "the criminal information, as the relevant charging document, is an appropriate record to consider," but "a court applying the modified categorical approach may only consider the charging document to the extent that the petitioner was actually convicted of the charges").

In the present case, the government submitted a verified copy of the relevant charging instrument (the "criminal complaint") from Miller's 1983 conviction.  <u>See</u> A.R. at 125; <u>see</u> <u>also</u> <u>Garcia</u>, 462 F.3d at 292 (explaining that "[s]ince the record of conviction includes the charging instrument, and the criminal complaint in Garcia's case is the relevant charging instrument, we may appropriately examine that complaint") (citation omitted).   The criminal complaint reflects that, on or about September 5, 1982, Miller "did deliver to Pol. BENNETT #9904, TWO (2) MANILA ENVELOPES, EACH CONTAINING MARIHUNA [sic] (ANALYZED BY POL. CHEMIST KERZNER) for $10.00 US CURRENCY."  A.R. at 125.  Miller was charged with three offenses:  (1) delivery of a controlled substance, (2) possession with the intent to deliver a controlled substance, and (3) knowing and intentional possession of a controlled substance.  <u>Id.</u>  A separate document from the verified state record titled "criminal transcript" memorializes the disposition of Miller's case.  <u>See</u> A.R. at 124.  The criminal transcript reflects that Miller pled guilty to only one of the three charged offenses, "Del. Of C/S," which the parties do not dispute is shorthand for "delivery of a controlled substance."  <u>Id.</u> At 124.

7

The prosecution was withdrawn on the other charges. Id. Miller was sentenced to fines and costs totaling $250.00. Id.

This record "make[s] it clear that [Miller] actually pleaded guilty to selling or to exchanging the marijuana." Thomas v. Att'y Gen., 625 F.3d 134, 148 (3d Cir. 2010). In particular, it is clear from the evidence that Miller pled guilty under § 780-113(a)(30) to delivering two envelopes containing marijuana to an undercover officer in exchange for ten dollars. An offense contains a trafficking element when it involves "the unlawful trading or dealing of a controlled substance." Gerbier v. Holmes, 280 F.3d 297, 305 (3d Cir. 2002). "Essential to the concept of 'trading or dealing' is activity of a business or merchant nature, thus excluding simple possession or transfer without consideration." Steele v. Blackman, 236 F.3d 130, 135 (3d Cir. 2001). While Miller's offense may have involved a "small amount" of marijuana,[3] the offense, nevertheless, plainly involved trading or dealing, and therefore contained a trafficking element. See Garcia, 462 F.3d at 293. The BIA, therefore, did not err in holding that Miller is removable as an aggravated felon under § 1227(a)(2)(A)(iii), and, as a result the conviction, he is ineligible to seek cancellation of removal. See 8 U.S.C. § 1229b(a)(3); Catwell, 623 F.3d at 209.[4]

---

[3] See Catwell v. Att'y Gen., 623 F.3d 199, 209 (3d Cir. 2010) ("Congress contemplated and intended 'small amount' to mean the amount of marijuana an individual would be likely to use on a single occasion, in a social setting.").

[4] Miller also claims that he is entitled to relief because his 1983 conviction was entered in violation of Padilla v. Kentucky, 130 S. Ct. 1473 (2010). Miller failed, however, to exhaust any Padilla-related issue, and the BIA did not address any such issue on its own initiative. As such, we lack jurisdiction to review this claim.

8

III.

For the reasons stated, we will deny the petition for review. Respondent's motion to strike the non-record evidence attached to Miller's opening brief is granted; we have limited our review, as we must, to the contents of the administrative record. See 8 U.S.C. § 1252(b)(4)(A).